By the Court,

Nelson, Ch. J.
The material question in the case is whether there was a partial delivery of the goods to the plaintiff, so as to take the sale out of the operation of the statute of frauds. It is not important to inquire whether the bills of parcels constituted a sufficient note or memorandum in writing, as the court below put the right of recovery in respect to this objection upon a partial delivery alone. If the ground that a note was made by the auctioneer at the time of the sale, sufficient to take the case out of the statute, had been taken at the trial, probably the defendants might have varied the facts so as to have removed it. The argument of the counsel, therefore, on this point, must be lai-d out of view.
The defendants are to be regarded as the owners of all the goods sold to-the plaintiff, for the purpose of deciding the question stated. They so held themselves out by the catalogues, and nothing transpired at the sale varying the legal effect of such conduct. Honest dealing requires the auctioneer to disclose in his catalogue, or otherwise, the names of his principals, if he does not intend to take their places in respect to the purchasers; otherwise, he would be enabled to speculate upon them, by thrusting between him and them an irresponsible owner in every case of an unprofitable sale. This, however, is a point not to be discussed; the principle has been so long settled, and is so frequently applied in the dealings of mankind, as to be familiar to every lawyer. Assuming, then, that the goods are to be viewed as belonging to the defendants, and the sale of all of them having been made at one time, has there been a partial delivery which takes it out of the statute? The question must be answered in the affirmative, unless we are prepared to say that each bid at an auction, at which a lot of goods is knocked down, constitutes a separate and distinct contract and sale; and which, to [336] be consistent, if conceded, would necessarily compel us to say that in the purchase of a quantity of goods at a private sale, a separate and distinct contract exists, in respect to each article, within the statute of frauds, where a separate price has been agreed upon, though the whole parcel was purchased at one time. There is no legal or sensible distinction in this respect between a public and private sale, and the same rule of construction should be applied to each.
The question has been considered and decided in the English courts, and, without their authority, we do not see how a doubt could be entertained, whether we regard the intent and understanding of the parties, or the meaning and policy of the statute of frauds. Where the purchase is made at one time and from the same individual, however numerous the articles may be, the whole transaction should be deemed as constituting an entire contract, and the prices of the different articles fixed upon as but part and parcel of it, *191 To adopt any other construction of such a purchase, would be a virtual repeal of the statute for all useful or practical purposes, in a large amount of sales, to which it has been understood as applying. In the case of Baldey v. Parker (2 Barn. & Cress. 37), the defendant sold various articles to the plaintiff, and a separate price was agreed upon in respect to each, and no one article was of the value of £10. The defendant desired an account of the whole to be made out and sent to his house, which was done accordingly; the amount of the goods was £70. He objected to the amount when presented, on account of the smallness of the discount for cash, and refused to receive the goods when tendered to him. The chief justice at the trial thought it was a contract for goods for more than the value of £10, within the meaning of the statute of frauds, but allowed the plaintiff to move to enter a verdict for £70. The case was afterwards moved, but the whole court concurred in the opinion expressed at nisi prius. Holroyd, J., observes that at first, it appeared to have been a contract for goods of less value than £10, but, in the course of the dealing, it grew to a contract of a much larger amount; at last, therefore, it was one entire contract, within the mean- - ing and mischief of the statute of frauds—it being the intention of [337] that statute, that where the contract, either at the commencement or at the conclusion, amounted to or exceeded the value of £10, it should not bind, unless the requisites there mentioned were complied with. A somewhat different opinion was expressed by Lord Ellenborough, at nisi prius, in the case of Hodgson v. Le Bret (1 Camp. 233); but this case was referred to in Baldey v. Parker, and so far disregarded. The case of Emmerson v. Heelis (2 Taunton, 38), was also relied on, but distinguished from the one' under consideration. See opinion of Best, J., p. 45. If the sale and purchase of all the articles at the same time, though for distinct prices, is to be considered as constituting but one entire contract, then it is clear the case is taken out of the statute, as a portion of the articles were delivered in pursuance of the direction of the defendants. We need not cite cases to show that a part delivery is sufficient under such circumstances.
The tender of the note was sufficient. The clerk to whom it was offered, refused to say any thing, and, from his own account, obviously acted under the instruction of his principals. Besides, one of them was present at the time of the tender, and must have witnessed it. As business men, the defendants should have dealt more frankly with their customers; and if there had been any reasonable exceptions to the security, they should have stated them. This would not have prejudiced their rights upon the main question in the case; they could still have put themselves upon the statute of frauds, without appearing to seek an undue advantage, where they must have known it was in the power of the plaintiff to have prevented it upon fair and frank dealing. As they refused to speak when the opportunity was thus given to them, in respect to the security offered, I think they should now be debarred the privilege, as the only effect, if permitted, would be to give them the benefit of want of frankness and fair dealing. Much more, were they bound to break their predetermined taciturnity, when the money was proposed, if they objected to the note.
There was a proper evidence in respect to the question of damages, and no part was excepted to. The amount of the verdict is not a subject of consideration on a writ of error.
Judgment affirmed